## Case No. 4,196.

### In re DURYEA.

[17 N. B. R. 495;[1] 2 Nat. Bank Cas. (Browne) 170.]

District Court, S. D. New York. April 26, 1878.

---

[1] [Affirmed in Case No. 4,194.]

[1] [Reprinted from 17 N. B. R. 495, by permission.]

Fellows & Irvine, for assignee.
S. Dominick, for J. S. Young.
H. F. Anderson, for Chatham Nat. Bk.
Norwood & Coggeshall, for Bowery Savings Bk.

CHOATE, District Judge. In this case several motions have been submitted together. The bankrupt owned two pieces of real estate in the city of New York, one on Cherry street, the other on East Thirty-Ninth street, near Fifth avenue. The Cherry street property is subject to a first mortgage held by the Bowery Savings Bank, on which there is due about nine thousand dollars, and to a second mortgage for eight thousand eight hundred dollars, held by the Chatham National Bank. The first mortgage is not contested by the assignee. Foreclosure proceedings have been commenced by the Bowery Savings Bank and have been restrained by the injunction of this court. The second mortgage is contested by the assignee as invalid, as made in violation of the provisions of the national banking laws. There are also liens for judgments against the bankrupt for about four hundred dollars. The value of the property is estimated at about sixteen thousand dollars. The Thirty-Ninth street property is subject to: taxes, one thousand one hundred and fifty five dollars; judgments, four hundred dollars; a first mortgage to the Seaman's Savings Bank for eight thousand five hundred and sixty dollars; a second mortgage to J. G. Young for five thousand three hundred and eighty dollars, neither of which is contested, and a third mortgage to the Chatham Nat. Bank for seven thousand dollars and interest, which is contested by the assignee on the grounds stated above. Young and the Chatham Nat. Bank have commenced actions of foreclosure in the state courts. The assignee now moves for leave to sell at public auction the Cherry street property. This motion is opposed by the Bowery Savings Bank, and the Chatham Nat. Bank. The Bowery Savings Bank and the Chatham Nat. Bank and Young move to dissolve the injunctions restraining them from prosecuting their foreclosures. The Bowery Savings Bank moves to modify the injunction, so as to allow it to proceed at least to the entry of judgment. Upon the facts shown I am satisfied that the injunctions against the mortgagees, restraining their suits in foreclosure, should not be dissolved. If the mortgages of the Chatham Nat. Bank are held invalid, there is a considerable interest in the Cherry street property in the bankrupt's estate, and in the Thirty-Ninth street property there may be such an interest after the admitted mortgages and other liens on those properties are satisfied. What the amount of that interest is in both cases depends upon the determination of the question of the validity of the mortgage held by the Chatham National Bank, a question involving the powers of national banks to make loans of a particular character upon mortgage. The question is one which the assignee should be permitted to litigate in the federal court, and he should not be sent into the state courts to try this question on the distribution of surplus moneys in a foreclosure suit, or in a suit brought by the party holding the alleged invalid mortgage in the state court. I see no reason for allowing the Bowery Savings Bank to proceed with its foreclosure to the entry of judgment. Its mortgage is not contested, and its rights will be fully secured on the distribution of the proceeds of the property whenever it shall be sold under the direction of this court. It 's suggested as a hardship that its recovery of the amount of its mortgage in this court will be burdened with expenses, assignee's commissions, etc., to which it would not be subject if allowed to go on and foreclose. But these are incidental disadvantages, if they are such, attending all persons who may hold claims on the estates of bankrupts. They may work some hardship in this case, not apparently very substantial, but such considerations cannot control the action of the court where it is obviously for the interest of the creditors, as in this case, that the estate should be administered here, and not in the state courts.

The assignee does not show any good reason for the immediate sale at auction of the Cherry street property. In the present state of the real estate market, a good reason should be shown for an immediate sale, as both the Chatham Nat. Bank and the creditors have, as claimants for the surplus proceeds over the admitted liens, a direct interest in having it sold to the best advantage. For aught that appears it may be advantageously rented or disposed of at private sale without the risk of loss attending an auction sale at the present time. The assignee must proceed with all the diligence that the rules and practice of the circuit court admit of to have the validity of the contested mortgages determined.